# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| ERNESTO SALDIVAR (1) | Case Number: 3:24-CR-00532-JAH |

**FILED** JUL 10 2024
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Erik Adler Friis
Defendant's Attorney

**USM Number** 05361-511

☐ -

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:641, 18:981(a)(1)(C), 28:2461(c) - Theft of United States' Property (Felony);Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is   dismissed on the motion of the United States.

☒ Assessment : $100.00 Imposed

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed   7/2/2024   , included

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 10, 2024
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

| DEFENDANT: | ERNESTO SALDIVAR (1) | Judgment - Page **2** of **6** |
|---|---|---|
| CASE NUMBER: | 3:24-CR-00532-JAH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 18 months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☒ on or before 7/26/2024 by 2:00 PM.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO SALDIVAR (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:24-CR-00532-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO SALDIVAR (1) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:24-CR-00532-JAH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO SALDIVAR (1) | Judgment - Page **5** of **6** |
| CASE NUMBER: | 3:24-CR-00532-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration law requirements.

3. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO SALDIVAR (1) | Judgment - Page **6** of **6** |
| CASE NUMBER: | 3:24-CR-00532-JAH | |

# RESTITUTION

The defendant shall pay restitution in the amount of $554,588.65 unto the United States of America.

This sum shall be paid as follows:

Pay restitution in the amount of $554,588.65 to The U.S. Navy through the Clerk, U. S. District Court. Payment of restitution shall be forthwith. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $1,500 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant does have the ability to pay interest.  It is ordered that:

__X__ The interest requirement is waived.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO SALDIVAR,<br><br>Defendant. | Case No. 24-cr-0532-JAH<br><br>**ORDER OF CRIMINAL FORFEITURE** |

WHEREAS, in the Information, the United States sought forfeiture of all right, title and interest in any and all property, of Defendant ERNESTO SALDIVAR ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) as property, real or personal, which constitutes or is derived from proceeds traceable to the offense, any property traceable to such property in violation of Title 18, United States Code, Section 641, as charged in Count 1 of Information.

WHEREAS, on or about March 19, 2024, Defendant pled guilty before Magistrate Judge David D. Leshner to Count 1 of the Information, which included consent to the forfeiture allegations of the Information, and consent to forfeiture of all property seized in connection with the case, including but not limited to entry of a forfeiture money judgment in the amount of $2,584.98 representing the proceeds

1 | Defendant personally received from the offense set forth in Count 1, which forfeiture
2 | shall be included and incorporated as part of the judgment in this case; and

3 |     WHEREAS, on April 4, 2024, this Court accepted the guilty plea of
4 | Defendant; and

5 |     WHEREAS, by virtue of the admissions of the Defendant set out in the plea
6 | agreement and guilty plea, the Court hereby finds that $2,584.98 represents the
7 | amount of proceeds the Defendant personally obtained directly as a result of the
8 | offense set forth in Count 1 to which Defendant pled guilty, 18 U.S.C. § 641, as
9 | charged in the Information; and

10 |     WHEREAS, by virtue of said guilty plea and the Court's findings, the
11 | United States is now entitled to an Order of Forfeiture in its favor against the
12 | Defendant in the form of a forfeiture money judgment representing the amount of the
13 | proceeds received by the Defendant in the amount of $2,584.98, pursuant to 18
14 | U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of
15 | Criminal Procedure; and

16 |     WHEREAS, by virtue of the facts set forth in the plea agreement and financial
17 | addendum, the United States has established the requisite nexus between the
18 | $2,584.98 forfeiture money judgment and the offense set forth in Count 1; and

19 |     WHEREAS, the Defendant has agreed that the provisions for the substitution
20 | of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States
21 | may take actions to collect the forfeiture money judgment; and

22 |     WHEREAS, the United States, having submitted the Order herein to the
23 | Defendant through his attorney of record, to review, and no objections having been
24 | received;

25 |     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

26 |     1.    Based on the guilty plea of the Defendant to Count 1 of the Information,
27 | the United States is entitled to a forfeiture money judgment against Defendant in the
28 | amount of $2,584.98 pursuant to Title 18 U.S.C. 981(a)(1)(C) and Title 28 U.S.C.

- 2 -

1  2461(c), representing the proceeds Defendant personally received from the offense of conviction set forth in Count 1, which forfeiture money judgment is in favor of the United States against Defendant ERNESTO SALDIVAR, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture money judgment and collecting and enforcing it; and

3. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

4. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $2,584.98 to satisfy the forfeiture money judgment in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

7. This order shall be incorporated and included as part of the judgment in this case when Defendant is sentenced.

DATED: July 2, 2024

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

- 3 -